UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:14-MC-00115-KJM-DAD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $20,000 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 14, 2014, the Nevada County Sheriff's Department seized approximately $20,000.00 in U.S. Currency (the "defendant currency") from Curtis Lee Hartz ("Hartz"), during a parcel interdiction at the Federal Express ("Fed Ex") shipping facility in Grass Valley, California. The Drug Enforcement Administration ("DEA") adopted the defendant currency for federal forfeiture on May 1, 2014.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 18, 2014, the DEA received a claim from Hartz asserting an ownership interest in the defendant currency.

/////

3. The United States represents that it could show at a forfeiture trial that on March 14, 2014, Nevada County Sheriff's Department conducted a parcel interdiction at the FedEx shipping facility located at 109 Spring Hill Drive in Grass Valley, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. An investigation revealed that Hartz had mailed the FedEx package to Grass Valley. Law enforcement agents contacted Hartz, who said the package contained $20,000.00 in cash for a down payment on a parcel of land. Hartz granted law enforcement agents permission to open the package.

4. The United States represents that it could further show at a forfeiture trial that before opening the package, law enforcement officials presented the package to a drug detection dog, and the dog positively alerted to the presence of the odor of narcotics. The package was opened, revealing a locked weapons case. When the case was opened, agents located the defendant currency, bundled and double-wrapped in vacuum sealed bags.

5. The United States represents that it could further show at a forfeiture trial that Hartz's criminal history includes a conviction for possession of a controlled substance.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Hartz hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the court, it is hereby ORDERED AND ADJUDGED:

1. The court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $7,000.00 of the Approximately $20,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $13,000.00 of the Approximately $20,000.00 in U.S. Currency shall be returned to claimant Curtis Lee Hartz through his attorney Jennifer M. Granger.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waive the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

/////

/////

/////

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: February 5, 2015.

_____
UNITED STATES DISTRICT JUDGE